FILED
4:24 pm Apr 01 2019
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MAURICE RHOADES, ZULU,** | **CASE NO. 1: 18 CV 2819** |
| **Plaintiff,** | **JUDGE DAN AARON POLSTER** |
| v. | |
| **METRO HEALTH HOSPITALS,** *et al.*, | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Maurice Rhoades, Zulu, has filed an *in forma pauperis* complaint in this action seeking damages for "Medical Malpractice, or Negligence and Fraud in Obamacare, and/or, the Affordable Care Act." (Doc. No. 1.) He sues multiple defendants.[1]

In his complaint, the plaintiff complains of orthopaedic care he received at both Metro Health Hospitals and University Hospitals in Cleveland. The gravaman of his complaint is that he received negligent and inadequate treatment and care for orthopaedic problems from Dr. Daniel Zalevsky at Metro Health in December 2017, and from James D. Anderson at University Hospitals in January 2018. In addition, he complains that in January 2018, Dr. John K. Sontich at University Hospitals "willfully and wantonly" failed to write and submit a "Medical Health Treatment Plan"

---

[1] The plaintiff sues: Metro Health Hospitals, Metro Health President and CEO Dr. Akram Bourtros, Dr. Daniel Zalevsky, University Hospitals, University Hospitals CEO Tom Zenty, Drs. James D. Anderson and John K. Sontich, and Administrative Assistant "Yolonda."

for him with "Care Source," and Dr. Sontich and his Administrative Assistant, Yolonda, "negligently did not diagno[se], and prescribe free weights, Nautilus machines, or, universal machines, and swimming pool exercises" as he desired. (*Id*. at ¶¶ 116-120, 130.)

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court finds that this action must be summarily dismissed pursuant to § 1915(e)(2)(B).

Medical malpractice and negligence claims as the plaintiff alleges are state-law claims; therefore, in order for this Court to exercise jurisdiction over such claims, the plaintiff must demonstrate diversity jurisdiction under 28 U.S.C. § 1332(a). *See Young v. Scharf*, No. 07-cv-531, 2007 WL 2123767, at *1 (S. D. Ohio July 20, 2007). This requires the plaintiff to show that his citizenship is diverse from the citizenship of each defendant in the case (in addition to demonstrating that the amount in controversy exceeds $75,000 exclusive of interests and costs). *Id*.

There is no diversity jurisdiction in this case as the plaintiff's complaint on its face indicates that all of the parties are citizens of the same state, Ohio. Accordingly, this Court lacks subject matter jurisdiction over the plaintiff's "Medical Malpractice" and "Negligence" claims.

Additionally, the plaintiff's complaint is insufficient to allege any plausible federal claim over which this Court may exercise subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff indicates he seeks to allege "Fraud in Obamacare, and/or, the Affordable Care Act."

However, he does not specify any provision of the Patient Protection and Affordable Care Act, commonly known as Obamacare, that would allow him to sue the defendants for the conduct he allegations. Principles requiring generous construction of *pro se* pleadings are not without limits, and district courts are not required "to conjure up questions never squarely presented to them" or to construct full-blown claims for *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf.").

The Court finds the plaintiff's allegations are insufficient to allege any plausible federal claim. Liberally construed, the plaintiff's allegations at the most suggest state-law medical malpractice or negligence claims over which this Court lacks jurisdiction.

**Conclusion**

Accordingly, the plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and his complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

4/1/2019

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE